<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-8336**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

STANLEY A. SLUPKOWSKI,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:94-hc-00392-BR)

Submitted:  July 25, 2011      Decided:  August 11, 2011

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Walter H. Paramore, III, WALTER H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant.  David T. Huband, BUREAU OF PRISONS, Butner, North Carolina; Jennifer P. May-Parker, Rudolf A. Renfer, Jr., Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stanley A. Slupkowski appeals the district court's order, following a hearing, that he continues to meet the criteria for commitment to the custody of the Attorney General pursuant to 18 U.S.C. § 4246 (2006). Specifically, the district court determined that Slupkowski continues to suffer from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

We review the district court's determination for clear error. United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992). A factual finding is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (internal quotation marks and citation omitted). We have reviewed the record and find that the district court's determination is supported by the record and is not clearly erroneous. Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2